NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANSE SULLIVAN, | No. 11-17506 |
| Plaintiff - Appellant, | D.C. No. 5:04-cv-02089-EJD |
| v. | |
| T. P. RYAN; et al., | MEMORANDUM[*] |
| Defendants, | |
| and | |
| EDWARD FLORES, Chief; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Manse Sullivan appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional violations while he was confined in Santa Clara County Jail awaiting civil commitment proceedings pursuant to California's Sexually Violent Predator Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Sullivan's claim against defendant Connor because Sullivan failed to raise a genuine dispute of material fact as to whether his confinement in administrative segregated housing served legitimate, non-punitive governmental interests. *See id.* at 932 (analyzing conditions of confinement for civil detainees under the Fourteenth Amendment and stating that civil detainees may be subject to "[l]egitimate, non-punitive government interests" such as "maintaining jail security, and effective management of [the] detention facility").

The district court properly granted summary judgment on Sullivan's claim against defendants Burden and Tarabetz for deliberate indifference to his serious medical needs because Sullivan failed to raise a genuine dispute of material fact as to whether these defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and then "also dr[e]w the

inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Johnson v. Meltzer*, 134 F.3d 1393, 1398 (9th Cir. 1998) (Eighth Amendment establishes minimum standard of medical care for pretrial detainees).

The district court properly granted summary judgment to defendants Wong and Flores because Sullivan failed to raise a genuine dispute of material fact as to whether these defendants personally participated in any constitutional violations. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (supervisors are liable for constitutional violations of subordinates only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them").

Contrary to Sullivan's contentions, the district court did not error in applying the doctrine of issue preclusion, which is distinct from the doctrine of claim preclusion. *See White v. City of Pasadena*, 671 F.3d 918, 926-27 (9th Cir. 2012) (explaining the difference between claim and issue preclusion).

Sullivan's contention that the district court was biased is unpersuasive because Sullivan fails to point to any evidence in the record of judicial bias.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**